**ORIGINAL**

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

Receipt 114170

## I (a) PLAINTIFFS
Entertainment by J&J, Inc., as Broadcast Licensee of the September 13, 1997 De La Hoya / Camacho Program

## DEFENDANTS
Jose Jaime Cano, et al

**B-00-135**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Cameron
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill PO Box 351
Ellenville, NY 12428

ATTORNEYS (IF KNOWN)

SEP 0 5 2000

Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
47 U.S.C. §605, et seq, and §553, et seq. Defendants violated the distribution rights owned by the plaintiff. The plaintiff had the exclusive license to show and/or distribute fights and undercard bouts commercially in a territory that encompassed the State of Texas

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | TORTS (cont.) | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | ☒ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $720,000 plus fees as to each defendant

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
NONE

JUDGE _____ DOCKET NUMBER _____

DATE 8/25/00

SIGNATURE OF ATTORNEY OF RECORD

UNITED STATES DISTRICT COURT

ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP - 5 2000

Michael N. Milby
Clerk of Court

------------------------------------------------------------
ENTERTAINMENT BY J&J, INC.
as Broadcast Licensee of the September 13,
1997 DE LA HOYA/ CAMACHO Program,

       Plaintiff,

-against-

JOSE JAIME CANO A/K/A JOSE JAIME CRUZ,
Individually and d/b/a JC'S PUB a/k/a JC'S PB &
DINER a/k/a JP'S PUB

and

JC'S PUB a/k/a JC'S PUB & DINER a/k/a JP'S PUB;

       Defendants.
------------------------------------------------------------

VERIFIED COMPLAINT
Civil Action No.

B-00-135

    Plaintiff, ENTERTAINMENT BY J & J, INC., by their attorneys, LONSTEIN LAW OFFICE, P.C. complaining of the defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

### JURISDICTION AND VENUE

    1. This action is brought pursuant to 47 U.S.C. § § 553, 605, et seq.

    2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

1

sec. 1332(a)(1). The matter in controversy is between citizens of different states and it exceeds the sum value of $75,000.00 exclusive of interest and costs.

4. Upon information and belief, venue is proper in this court because, <u>inter alia</u> (i) at least one of the defendants reside in Cameron County, State of Texas, which is within the Southern District of Texas [ U.S.C. §124 (b)(iv)] all defendants reside within the State of Texas.

5. This action is also brought under the Court's ancillary and pendent state jurisdiction.

6. This Court has personal jurisdiction over the parties in this action as a result of the defendants' wrongful acts hereinafter complained of which violated plaintiff's rights as distributor of the transmission signal of the fight as hereinafter set forth at length. The defendants' wrongful acts consisted of the interception or tortious conversion of said property of plaintiff within the control of the plaintiff in the State of Texas.

## THE PARTIES

7. The plaintiff, ENTERTAINMENT BY J & J, INC., is a California based corporation with its principal place of business at 2380 So. Bascom Avenue, Suite 200, Campbell, California 95008.

8. That upon information and belief the defendant, JOSE JAIME CANO A/K/A JOSE JAIME CRUZ, residing at 704 W. Hanson St., Harlingen, Texas 78550, is an individual and d/b/a JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB.

9. The defendant, JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB, is a business entity, the exact nature of which is unknown, having its principal place of business at 535 N. Commerce Street, Harlingen, Texas 78550.

10. Defendant, JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB, upon information and

2

belief, is a sole proprietorship licensed to do business in the State of Texas.

## COUNT I

11. Plaintiff, ENTERTAINMENT BY J & J, INC., hereby incorporates by reference all of the allegations contained in paragraphs "1" through "10", inclusive, as though set forth herein at length.

12. By contract, plaintiff, ENTERTAINMENT BY J & J, INC., was granted the right to distribute the <u>DE LA HOYA / CAMACHO</u> program (this includes all undercard bouts and the entire television broadcast) scheduled for SEPTEMBER 13, 1997, via closed circuit television and via encrypted satellite signal. Said event originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program")

13. Pursuant to the contract, plaintiff, ENTERTAINMENT BY J & J, INC., entered into subsequent agreements with various entities in the State of Texas, allowing them to publicly exhibit the Program to their patrons.

14. Plaintiff, ENTERTAINMENT BY J & J, INC., expended substantial monies in consideration of the aforementioned agreement to transmit the Program to those entities in the State of Texas, who in turn, entered into agreements with plaintiff, ENTERTAINMENT BY J & J, INC., to exhibit the Program to their patrons.

15. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees unlawfully intercepted, received and/or de-scrambled said satellite signal and did exhibit the Program

3

at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

16. That upon information and belief, the defendants and/or their agents, servants, workmen and employees used an illegal satellite receiver, intercepted plaintiff's signal and/or used an illegal cable converter box or device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted via satellite or microwave signal to various cable and satellite systems.

17. 47 U.S.C. §605 (a) prohibits the unauthorized reception and publication or use of communications (such as the transmission for which plaintiff, ENTERTAINMENT BY J & J, INC., had the distribution rights thereto).

18. By reason of the aforementioned conduct, the aforementioned defendants willfully violated 47 U.S.C. §605 (a).

19. By reason of the aforementioned defendants' violation of 47 U.S.C. §605 (a), plaintiff, ENTERTAINMENT BY J & J, INC., has a private right of action pursuant to 47 U.S.C. §605.

20. As a result of the aforementioned defendants' willful violation of 47 U.S.C. §605 (a), plaintiff, ENTERTAINMENT BY J & J, INC., is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each defendant.

21. Pursuant to 47 U.S.C. §605, plaintiff, ENTERTAINMENT BY J & J, INC., is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT II

22. Plaintiff hereby incorporates paragraphs "1" through "21", inclusive, as though fully set forth herein.

4

23. That upon information and belief, defendants and/or their agents, servants, workmen or employees, and each of them knowingly, modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. 47 U.S.C. §605 (e)(4) prohibits the modification or utilization of a device or equipment knowing or having reason to know it is used primarily in the assistance of the unauthorized decryption of satellite cable programming or direct-to-home satellite services (such as the transmission for which plaintiff, ENTERTAINMENT BY J & J, INC., had the distribution rights thereto), or is intended for any other activity prohibited under 47 U.S.C. §605 (a).

25. By reason of the aforementioned conduct, each of the aforementioned defendant's violation of 47 U.S.C. §605, plaintiff, ENTERTAINMENT BY J & J, INC., has a private right of action pursuant to 47 U.S.C. §605.

26. As a result of the aforementioned defendants' violation of 47 U.S.C. §605 (e)(4), plaintiff, ENTERTAINMENT BY J & J, INC., is entitled to damages, under 47 U.S.C. §605 (e)(3)(C)(i)(II) of up to $100,000.00 as to each defendant.

27. Pursuant to 47 U.S.C. §605, plaintiff, ENTERTAINMENT BY J & J, INC., is also entitled to an award of full costs, interest and reasonable attorney's fees.

## COUNT III

28. Plaintiff hereby incorporates paragraphs "1" through "27", inclusive, as though fully set forth herein at length.

5

29. With full knowledge that the Program was not to be received and exhibited by entities unauthorized to do so, the defendants and/or their agents, servants, workmen or employees did exhibit the Program at the above-captioned addresses at the time of its transmission willfully and for purposes of direct or indirect commercial advantage or private financial gain.

30. 47 U.S.C. §553 prohibits the unauthorized reception, interception and exhibition of any communications service offered over a cable system (such as the transmission for which plaintiff, ENTERTAINMENT BY J & J, INC., had the distribution rights thereto).

31. That the defendants individually, upon information and belief, willfully and illegally intercepted said Program when it was distributed and shown by cable television systems.

32. By reason of the aforementioned conduct, all of the aforementioned defendants willfully violated 47 U.S.C. §553, thereby giving rise to a private right of action.

33. As a result of the aforementioned defendants' violation of 47 U.S.C. §553, plaintiff is entitled to damages in an amount up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees.

## COUNT IV
## BREACH OF CONTRACT

34. Plaintiff hereby incorporates paragraphs "1" through "33", inclusive, as though fully set forth herein at length.

35. That upon information and belief the defendants have previously and/or subsequently purchased broadcasts from the plaintiff.

36. That upon purchasing said programming the defendants enter into a contract with the

6

plaintiff, which, in addition to licensing the broadcast, requires the defendants to report any incidents of broadcast piracy of plaintiff's programming to plaintiff.

37. That the defendants herein had actual knowledge of such acts of piracy of plaintiff's property, yet failed to disclose same to plaintiff.

38. That as a result thereof the defendants have breached their contractual relationship with plaintiff.

39. That the plaintiff, ENTERTAINMENT BY J & J, INC., has been consequently damaged in the sum of 75,000.00, together with the costs, disbursements and reasonable attorneys fees as to each defendant.

## COUNT V
## BREACH OF IMPLIED CONTRACT

40. Plaintiff hereby incorporates paragraphs "1" through "39", inclusive, as though fully set forth herein at length.

41. That upon information and belief the defendants exhibited said broadcasts above referred to, the rights to which were owned by the plaintiff herein.

42. That by exhibiting said programming the defendants entered into an implied contract with the plaintiff, which, requires payment therefore.

43. That the defendants exhibited but failed to pay the plaintiff for same.

44. That as a result thereof the defendants have breached their contractual relationship with plaintiff.

45. That as a result the plaintiff, ENTERTAINMENT BY J & J, INC., has been consequently damaged in the sum of $ 75,000.00, together with the costs, disbursements and reasonable attorneys fees as to each defendant.

## COUNT VI
## FRAUD

46. Plaintiffs hereby incorporate by reference all of the allegations contained in paragraphs "1" through "45", inclusive, as though set forth herein at length.

47. By its acts as aforesaid in exhibiting the Program at the above-captioned address, the aforementioned defendants fraudulently obtained possession of the Program and converted it to its own use and benefit.

48. The aforesaid acts of the aforementioned defendants were willful, malicious, and intentionally designed to harm plaintiff, ENTERTAINMENT BY J & J, INC., and to subject said plaintiff to economic distress.

49. That upon information and belief the defendants took willful and purposeful actions to fraudulently conceal its illegal actions from the plaintiff by using stealth techniques which involve the de-scrambling of encrypted signal and/or illegal modification of television reception devices (off air, cable and/or satellite), in an attempt to fraudulently deprive the plaintiff of its license fees for said broadcast.

50. Accordingly, the plaintiff, ENTERTAINMENT BY J & J, INC., is entitled to both compensatory damages in the amount of $75,000.00, as well as punitive damages in the amount of $225,000.00 from the aforementioned defendants as the result of defendants' egregious fraudulent conduct.

WHEREFORE, the plaintiff, ENTERTAINMENT BY J & J, INC., requests that judgment be entered in its favor and against each of the aforementioned defendants granting to plaintiff the following:

(a) On the first cause of action, statutory penalties in the amount of $110,000.00 as

to each defendant for their willful violation of 47 U.S.C. §605 (a);

(b) On the second cause of action, statutory penalties in the amount of $100,000.00 as to each defendant for their violation of 47 U.S.C. §605 (e)(4);

(c) On the third cause of action, statutory penalties in the amount of $60,000.00 as to each defendant for their violation of 47 U.S.C. §553;

(d) On the fourth cause of action, damages in the amount of $75,000.00 as to each defendant for their breach of contract;

(e) On the fifth cause of action, damages in the amount of $75,000.00 as to each defendant for their breach of implied contract;

(f) On the sixth cause of action, compensatory damages in the amount of $75,000.00 and punitive damages in the amount of $225,000.00 as to each defendant for their fraudulent conduct; and

(g) Attorney's fees, interest, costs of suit as to each defendant together with such other and further relief as this Court may deem just and proper.

Dated: August 25, 2000
Ellenville, New York

                                LONSTEIN LAW OFFICE, P.C.

                                By: _____
                                Julie Cohen Lonstein, Esq.
                                Attorney for Plaintiff
                                Office and P.O. Address
                                1 Terrace Hill : P.O. Box 351
                                Ellenville, NY  12428
                                Tel: (845) 647-8500
                                *Our File No. N97-12TX-S01*

# VERIFICATION

STATE OF NEW YORK)
)  ss:
COUNTY OF ULSTER  )

JULIE COHEN LONSTEIN, being duly sworn, deposes and says:

I am the attorney of record for the plaintiff, ENTERTAINMENT BY J & J, INC., in the within action and have read the foregoing Verified Complaint and know the contents thereof.

That the same is true to my knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

The reason that this verification is made by me and not by the plaintiff, ENTERTAINMENT BY J & J, INC., is that the plaintiff does not reside in the County in which my office is located.

The ground of my belief as to all matters not stated upon my own knowledge were ascertained from my review of the file and conversations held with my client, ENTERTAINMENT BY J & J, INC.

JULIE COHEN LONSTEIN, ESQ.

Sworn to before me this
25 day of August, 2000

Notary Public
Martha E. Dymond
Notary Public, State of New York
Registration No. 4874397
Residing in Ulster County
My Commission Expires on November 17, 2000

10

AO 440 (Rev. 10/93) Summons in a Civil Action

**ORIGINAL**

# United States District Court

SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

ENTERTAINMENT BY J&J, INC.
As Broadcast Licensee of the September 13,
1997 DE LA HOYA/CAMACHO Program

Plaintiffs,

V.

JOSE JAIME CANO A/K/A JOSE JAIME CRUZ, Individually
and d/b/a JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB
and JC'S PUB a/k/a JC'S PUB & DINER a/k/a JP'S PUB, et al

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **B-00-135**

TO: (Name and address of defendant)
JC'S PUB a/k/a JC'S PUB & DINER a/k/a JP'S PUB;
J.C.'s Pub a/k/a JC's Pub & Diner a/k/a JP's Pub
535 N. Commerce St.
Harlingen, TX 78550

Our File No. N97-12TX-S01

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill, Box 351
Ellenville, New York 12428

an answer to the complaint which is herewith served upon you, within _Twenty (20)_ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N Milby, Clerk

CLERK

_[signature]_

(BY) DEPUTY CLERK

SEP 0 5 2000

DATE

AO 440 (Rev. 10/93) Summons in a Civil Action

**ORIGINAL**

# United States District Court

SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERTAINMENT BY J&J, INC.
As Broadcast Licensee of the September 13,
1997 DE LA HOYA/CAMACHO Program

Plaintiffs,

V.

JOSE JAIME CANO A/K/A JOSE JAIME CRUZ,
Individually and d/b/a JC'S PUB a/k/a JC'S PB & DINER
a/k/a JP'S PUB and JC'S PUB a/k/a JC'S PUB & DINER
a/k/a JP'S PUB, et al

Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: B-00-135

TO: (Name and address of defendant)

JOSE JAIME CANO A/K/A JOSE JAIME CRUZ, Individually and d/b/a JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB
Jose J. Cano-Cruz
704 W. Hanson St.
Harlingen, TX 78550

Our File No. N97-12TX-S01

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

LONSTEIN LAW OFFICE, P.C.
1 Terrace Hill, Box 351
Ellenville, New York 12428

an answer to the complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk
CLERK

SEP 0 2 2000
DATE

(BY) DEPUTY CLERK