23

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAR 1 9 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ENTERTAINMENT BY J&J, INC., as broadcast Licensee of the September 13, 1997 DE LA HOYA/CAMACHO Program<br>　　　　　　Plaintiff, | § § § § § | |
| -against- | § § | No. B-00-135 |
| JOSE JAIME CANO A/K/A JOSE JAIME CRUZ, Individually and d/b/a JC's PUB a/k/a JC'S PUB & DINER a/k/a JP'S PUB | § § § § | |
| and | § § | |
| JC's PUB a/k/a JC'S PUB & DINER a/k/a JP'S PUB<br>　　　　　　Defendants. | § § § | |

### DEFENDANT, JOSE JAIME CANO'S FIRST AMENDED ORIGINAL ANSWER AND THIRD-PARTY COMPLAINT

Defendant, Jose Jaime Cano, files this his First Amended Original Answer to Plaintiff's Original Complaint and Defendant's Third-Party Complaint, and shows as follows:

#### A. Admissions and Denials

1. No admission or denial is necessary for the allegations contained in paragraph number 1.

2. Defendant admits to the allegations contained in paragraph number 2, that this court has original jurisdiction over all civil actions arising under the Constitution's laws and treaties of the United States.

3. There is no paragraph number 3 to admit or deny.

4. Defendant admits the allegations in paragraph number 4, that venue is proper in this court because at least one of the Defendants reside in Cameron County, Texas.

5. No admission or denial is required for the allegation contained in Number 5.

6. Plaintiff denies the allegations in paragraph 6, sentence 1, that this court has first jurisdiction over Defendant as a result of Defendant's wrongful acts complained of which violate Plaintiff's rights distributor of the transmission signal of the fight as herein after set forth at length. Plaintiff denies allegations in paragraph 6, sentence 2, that Defendant's wrongful acts consisted of the interception or tortious conversion of said property Plaintiff was in the control of in Texas.

7. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 7.

8. Defendant admits that he is an individual residing at 704 W. Hansen Street, Harlingen, Texas 78550, but denies having done business as JC's Pub a/k/a JC's PB & Diner a/k/a JP's Pub during the period of time of Plaintiff's allegations.

9. Defendant, Jose Jaime Cano admits that the Defendant, JC's Pub a/k/a JC's PB & Diner a/k/a JP's Pub, is a business entity having its principal place of business at 535 N. Commerce Street, Harlingen, Texas 78550.

10. Defendant, Jose Jaime Cano, admits allegations the allegations contained in Paragraph 10.

11. Defendant hereby incorporates by reference all of the admissions and denials contained in paragraphs 1 through 11, inclusive of those set forth here at length as response to Paragraph 11

12. Defendant is without sufficient information to admit or deny that the allegations contained in paragraph 12.

13. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 13.

14. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15, that he had full knowledge that the program was not intended to be received and exhibited by entities unauthorized to do so, the Defendants and/or their agents, servants, workmen, or employees unlawfully intercepted, received and/or de-scrambled satellite signals and did exhibit the program at the above captioned addresses at the time of its transmission willfully and for the purpose of direct or indirect commercial advantage or private financial gain.

16. Defendant denies all allegations contained in paragraph 16.

17. Defendant admits that 47 U.S.C. § 605(a) prohibits the unauthorized reception and publication or use of communications, but denies allegations set out in parentheticals in Paragraph 17.

18. Defendant denies the allegations in paragraph 18, that Defendants willfully violated 47 U.S.C. § 605(a).

19. Defendant admits that 47 U.S.C. § 605(a), creates a private right of action but denies the allegations in paragraph 19, that Plaintiff has a private right of action by reason of Defendant's violation of 47 U.S.C. § 605(a).

20. Defendant denies the allegation in paragraph 20, that Plaintiff is entitled to damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) and (ii) of up to $110,000.00 as to each Defendant.

21. Defendant denies that Plaintiff is entitled to an award of full costs, interest, and reasonable attorney's fees pursuant to 47 U.S.C. § 605.

22. In response to the allegations contained in paragraph 22, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 22, inclusive as though fully set forth herein.

23. Defendant denies the allegations in paragraph 23, that Defendant, his agents, servants, workmen, and/or employees knowingly modified the device or utilized equipment knowing or having reason to know that the equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

24. Defendant is without sufficient information to admit or deny the allegations contained in paragraph 24, that Plaintiff had the distribution rights. Otherwise, no response to the allegations is required.

25. Defendant denies the allegations in paragraph 25, that Plaintiff has a private right of action pursuant to 47 U.S.C. § 605, as a result of Defendant's violation of 47 U.S.C. § 605.

26. Defendant denies the allegations in paragraph 26, that Plaintiff is entitled to damages, under 47 U.S.C. § 605(a)(e)(3)(C)(i)(II) of up to $100,000.00 as to each Defendant.

27. Defendant denies the allegations in paragraph 27, that Plaintiff is entitled to an

award of full costs, interest and reasonable attorney's fees pursuant to 47 U.S.C. § 605.

28. In response to allegations of paragraph 28, Defendant hereby incorporates its admissions and denials contained in paragraphs 1 through 28, inclusively as though fully set forth here at length.

29. Defendant denies allegations contained in paragraph 29 in their entirety.

30. Defendant is without sufficient information to admit or deny that Plaintiff had distribution to a transmission. Otherwise, no response to the allegations in paragraph 30 are necessary.

31. Defendant denies the allegations in paragraph 31, that they willfully and illegally intercepted a program when it was distributed and shown by cable television systems.

32. Defendant denies the allegations in paragraph 32, that because of the aforementioned conduct, Defendants willfully violated 47 U.S.C. § 553, giving rise to a private right of action.

33. Defendant denies that the Plaintiff is entitled to damages in an amount of up to $60,000.00, plus the recovery of full costs, interest and reasonable attorney's fees as a result of Defendant's violation of 47 U.S.C. § 553, as alleged in paragraph 33.

34. In response to the allegation in paragraph 34, Defendant hereby incorporates paragraphs 1 through 34 as inclusively as though fully set forth herein at length.

35. Defendant denies all allegations contained in paragraph 36.

36. Defendant denies all allegations contained in paragraph 37.

37. Defendant denies all allegations contained in paragraph 38.

38. Defendant denies all allegations contained in paragraph 39.

39. In response to the allegations contained in paragraph 40, Defendant hereby incorporates paragraphs 1 through 40, inclusively as though fully set forth herein at length.

40. Defendant denies all allegations contained in paragraph 41.

41. Defendant denies all allegations contained in paragraph 42.

42. Defendant denies all allegations contained in paragraph 43.

43. Defendant denies all allegations contained in paragraph 44.

44. Defendant denies all allegations contained in paragraph 45.

45. Defendant hereby incorporates by reference all of the admissions and denials contained in paragraphs 1 through 46, inclusive as though set forth herein at length.

46. Defendant denies all allegations contained in paragraph 47.

47. Defendant denies all allegations contained in paragraph 48.

48. Defendant denies all allegations contained in paragraph 49.

49. Defendant denies all allegations contained in paragraph 50.

## DEFENDANT'S THIRD-PARTY COMPLAINT

### A. Parties

Plaintiff, ENTERTAINMENT BY J&J, INC., is a California based corporation with its principal place of business at 2380 So. Bascom Avenue, Suite 200, Campbell, California 95008.

Defendant/Third-Party Plaintiff, JOSE JAIME CANO, is an individual residing in Harlingen, Cameron County, Texas.

Third-Party Defendant, CHRISTINA ROMERO WEST, is an individual who is a resident of Harlingen, Cameron County, Texas, and who may be served at her place of residence at 2308 E. Susan St., Harlingen, Texas 78550.

Defendant JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB, upon information and belief, is a sole proprietorship licensed to do business in the State of Texas and is located at 535 N. commerce Street, Harlingen, Cameron County, Texas,

### B. Jurisdiction

This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

## C. Facts

ENTERTAINMENT BY J&J, INC. is Plaintiff (hereinafter referred to as "Plaintiff"). JOSE JAIME CANO is Defendant/Third Party-Plaintiff (hereinafter referred to as "CANO"). CHRISTINA ROMERO WEST is Third-Party Defendant (hereinafter referred to as "WEST").

1. Plaintiff sued CANO for violations or 47 U.S.C. § 605, Breach of Contract, Breach of Implied Contract, and Fraud arising from the interception of the September 13, 1997 De La Hoya/Camacho Program. WEST was leasing the property, the business, and the liquor licence at the time of the alleged interception of the program herein described.

2. CANO filed an Unopposed Motion for Leave to File Amended Pleading and Third Party Complaint.

3. WEST is liable to CANO for all or part of Plaintiff's claim against CANO because WEST, at the time said actions were alleged to have occurred, was the operator of JC'S PUB a/k/a JC'S PB & DINER a/k/a JP'S PUB pursuant to a lease of the business, building and liquor licence from CANO. At the time of said actions occurred all business transactions were under the sole control of WEST and CANO had no knowledge or control over the business at that time.

WHEREFORE, Jose Jaime Cano asks the Court to enter Judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant all other relief to which he is entitled. Additionally, CANO asks for judgment against WEST for any amounts CANO is found liable to Plaintiff, and all other relief to which CANO is entitled.

Respectfully submitted,

J. EDWARD MANN, JR. & ASSOCIATES

Jason R. Mann
State Bar No. 24004793
Federal Bar No. 23543
222 E. Van Buren, Suite 701
P. O. Box 231
Harlingen, Texas 78551-0231
Telephone: 956/428-4114
Facsimile: 956/428-9494
Attorney for Jose Jaime Cano

## CERTIFICATE OF SERVICE

I, Jason R. Mann, do hereby certify that a copy of the foregoing document has been mailed on this 15th day of ~~January~~ March, 2001, to:

Julie Cohen Lonstein
Lonstein Law Office, P.C.
1 Terrace Hill, Box 351
Ellenville, New York 12428

_____
Jason R. Mann

Defendant's, Jose Jaime Cano, Amended Original Answer and Third-Party Complaint - Page 7 of 7 pages